*Court of Common Pleas, Dauphin County, December 3d, 1855.*

THE COMMONWEALTH OF PENNSYLVANIA *v.* THE DIAMOND COAL COMPANY.

Under the act of 29th of April, 1844, imposing a tax on the dividends of corporations, the first day of November is the time to and from which the profits are to be computed. When the statement of a company does not show what part of the dividends of a year was made before November 1st, and what after, but mixes them all together, the State officers can calculate the tax upon the whole amount, as if all was made after the 1st of November.

BY THE COURT.—This case comes into court by an appeal from the. decision of the auditor-general and State treasurer. It seems that those officers have charged the defendant with the sum of $937.50, as a tax on their dividends for the year 1854, computing the same at seven and one-half per cent. on the capital stock. Also with $5.74, for interest from January 15th, 1855, to 22d of February, 1855. The latter item is, in our opinion, erroneous, as interest can only be charged from three months after the settlement. If the State claims to recover the penalty mentioned in the act of Assembly, it must bring suit for it as prescribed.

The right to impose this tax depends on the true construction of the thirty-third section of the act of April 29th, 1844, which requires one-half mill to be paid into the public treasury on each one per cent. of dividends or profits made and declared, provided such dividends shall exceed or be equal to six per cent. per annum, and the same is to be assessed and paid as is provided in the act of the 11th of June, 1840. On recurring to that act, we find no form of assessment or payment prescribed, nor is it stated when the year is to begin or end, or from what period it is to be computed, but refers to the act of March 25th, 1824, for our guidance.

The 24th article of the first section of the last-named law, fixes the first Monday in November of each year as the time from and to which the dividends are to be computed, when a statement is to be made to the fiscal officers of the government, and the tax paid over within two months thereafter.

The first Monday in November is, therefore, the commencement and conclusion of the fiscal year of all institutions and companies incorporated within the State (except banks, which have been since changed), and their profits should be computed, and dividends made, as of that period. It is contended that the dividend declared by this company on the 4th of January, 1854, of two dollars and twenty-five cents per share, being four and a half per cent on the capital, cannot be taxed for the year 1854, as it was *made* out of the profits of the year 1853. This would certainly

[The Commonwealth of Pennsylvania v. The Diamond Coal Company.]

be the case if the corporation had shown that it was made prior to the 1st day of November, 1853. But it neither reported to the department, nor has it shown us, in what part of the year it was made. We have a right to presume that it was made as well after, as before the 1st day of November.

If the officers of this corporation have thrown all the profits of the year 1853 together, not distinguishing the time when made, they stand in the situation stated by the Supreme Court in the Commonwealth v. The Pennsylvania Insurance Company (1 H. 165), "they have put their head in the noose, and cannot get it back." It is like the ordinary case of one man throwing his gold into the crucible of another, or one man throwing his wheat into the granary and among the wheat of another; he cannot separate his property thus illegally commingled, and must lose it. In the present case, as we cannot divide the profits of the year 1853, it must be treated as made after the 1st of November, as it is impossible to distinguish between that which was made before or after, and we therefore think it correct to treat it as part of the business of one year, commencing on the 1st of November, 1853. And as the next dividend of three per cent. on the capital was declared on the 4th day of October, 1854, the State officers were right in computing the tax on seven and a half per cent. profit per annum, made and declared for that year.

This is no more than a just penalty against the defendant for so keeping its accounts, and failing to comply with the law. If proper data had been furnished to the department, from which it could be known at what time the profits were made, there would probably be no ground to complain of over-taxation. But the company failing to show when it was *made*, the State can very properly look to the time when the dividend was *declared*.

The company also failed in another essential particular. It was required by law, in case of a failure to make and declare a dividend of six per cent. per annum, at some time between the 1st and 15th day of November of each year, to have an appraisement of the actual cash value of the capital stock, and forward a certificate thereof to the auditor-general, and pay a tax according to such valuation, in the mode prescribed by law. No valuation appears to have been returned, except for the year 1852, of sixteen dollars per share, and of 1855, of twenty-two dollars per share; and Dr. Hammond says that he made the settlement for the year 1853 in February, 1854, on the basis of the appraisement of 1852, at which time the dividend of January, 1854, was not spoken of or alluded to, and that if it had have been, according to the settled practice of the department, it would not have been taken into consideration, but would have been thrown into the year 1854 for adjustment.

There is no fact disputed in the case, and the question has been

[The Commonwealth of Pennsylvania *v.* Wilson & McCullough.]

argued as one of law alone.   We cannot see anything to prevent the commonwealth from recovering the amount of tax charged, with interest from three months after the day of settlement, to wit, May 23d, 1855.

AFFIRMED BY THE SUPREME COURT, June 2d, 1856.   Not reported.

*Casey, for plaintiff.*

*Alricks, for defendant.*